UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
          :
**PRASANNA GOONEWARDENA**,
          :
                Plaintiff,
          :   **MEMORANDUM AND ORDER**

        – against –
          :   21-CV-4530 (AMD) (LB)

          :
**ZUCKER HILLSIDE HOSPITAL**, *et al.*,
          :
                Defendants.
          :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* plaintiff commenced this action on August 11, 2021 (ECF No. 1),[1] and filed an amended complaint on August 16, 2021, asserting claims pursuant to 42 U.S.C. § 1983, Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*,[2] and state law against Zucker Hillside Hospital, Northwell Health, multiple individual employees and their lawyers (ECF Nos. 5 & 5-1 at 33-40, "Am. Compl.").[3] For the reasons that follow, I dismiss the action, but give the plaintiff leave to file a second amended complaint.

---

[1] The plaintiff has previously filed ten actions in the Court. *See Goonewardena v. Greenblatt, et al.*, No. 95-CV-2154; *Goonewardena v. Ford, et al.*, No. 96-CV-5149; *Goonewardena v. AMR Corp., et al.*, No. 08-CV-4141; *Goonewardena v. N. Shore Long Island Jewish Health Sys., et al.*, No. 11-CV-2456; *Goonewardena v. Forster & Garbus LLC*, No. 13-CV-6415; *Goonewardena v. Forster & Garbus LLP*, No. 14-CV-3904; *Goonewardena v. Kirschenbaum & Phillips P.C*, No. 15-CV-1365; *Goonewardena v. Weltman, Weinberg & Reis Co., LPA*, No. 15-CV-3970; *Goonewardena v. Spinelli, et al.*, No. 15-CV-5239; *Goonewardena v. Forster & Garbus LLP, et al.*, No. 18-CV-29.

[2] Though the plaintiff brings claims pursuant to Title "111" of the Civil Rights Act, the cited sections are from Title II. (Am. Compl. ¶ 1.)

[3] Pages 1 and 10-17 of the amended complaint were filed as one document. (ECF No. 5.) Pages 2-9 were filed as part of an exhibit. (ECF No. 5-1 at 33-40.)

**BACKGROUND**

The plaintiff claims that on March 30, 2011, mental health workers at Zucker Hillside Hospital "brutally assaulted" him. (Am. Compl. ¶ 33.)  He was subsequently "involuntarily committed" based on purportedly "false" statements that he had assaulted and cursed at a nurse, and stalked a resident. (*Id.*)  The plaintiff filed a lawsuit challenging his commitment, and "presented evidence including an audio recording of the incidents that happened on that day that proved [he] never cursed, assaulted anyone, screamed or acted in any threatening manner." (*Id.*)  The defendants' lawyer, Robert Vizza, agreed to a settlement, pursuant to which the plaintiff would sign a release, the parties would sign a settlement agreement and the defendants would delete "all false statements" in the plaintiff's medical records from March 30, 2011 to April 6, 2011. (*Id.* ¶ 34.)  On August 13, 2015, the plaintiff signed the release. (*Id.*)  Vizza told the plaintiff that all the defendants had to sign the settlement agreement, and that many were "away for the summer," so the settlement agreement would be delivered to the plaintiff for his signature in four weeks. (*Id.*)  The plaintiff never received the agreement. (*Id.*)

On January 3, 2021, the plaintiff wrote to the medical records director of Zucker Hillside Hospital, among others, requesting that he "delete[]" the plaintiff's medical records. (*Id.* ¶ 35.)  On January 15, 2021, the hospital denied his request, explaining that the hospital was "required to maintain medical records for every patient that contain sufficient, accurate information" for various reasons. (*Id.*; ECF No. 5-1 at 7-8.)  The plaintiff alleges that the defendants refused to "remove [the] false statements" in order to "retaliate and hurt" him because he is a "colored immigrant asking a Jewish Hospital staff to correct a wrongdoing."[4]  (Am. Compl. ¶ 35.)

---

[4] The plaintiff also claims the defendants "discriminated against [him] because of Plaintiff's race (a colored immigrant), national origin and color." (Am. Compl. ¶ 36.)

The plaintiff seeks compensatory, punitive and emotional damages.  (Am. Compl. ¶¶ A-C.)

## STANDARD OF REVIEW

A federal court must "liberally construe[ ]" pleadings by *pro se* parties, who are held to less stringent standards than attorneys.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Even under this liberal standard, a *pro se* litigant's complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555); Fed. R. Civ. P. 8.

If a *pro se* action is frivolous, or if the court lacks subject matter jurisdiction over the matter, a district court may dismiss the action on its own, even if the plaintiff has paid the requisite filing fee.  *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3).  "Failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.  If subject matter jurisdiction is lacking, the action must be dismissed."  *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3).  Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint

3

necessarily draws into question the interpretation or application of federal law." *New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

"A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (citation, quotation marks and alterations omitted).

## DISCUSSION

### I. Section 1983 Claims

The plaintiff includes a claim for relief titled "Section 1983," which suggests a civil rights claim under 42 U.S.C. § 1983. (Am. Compl. ¶¶ 57-58.) "[T]o state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

Section 1983 does not usually apply to claims against private individuals or organizations. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citations and quotation marks omitted)); *Moroughan v. Cty. of Suffolk*, No. 12-CV-512, 2021 WL 298714, at *16 (E.D.N.Y. Jan. 20, 2021) ("It is axiomatic that private citizens and entities are not generally subject to § 1983 liability."). A private entity may be considered a state actor, however, if it performs "sovereign functions" or its conduct is otherwise "fairly attributable to the State." *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 264-65 (2d Cir. 2014). But a private entity does not become a

state actor merely because it performs under a state contract or is subject to state regulation. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State.").

The plaintiff has not alleged that Zucker Hillside Hospital, Northwell Health or its employees were state actors, or acted as state actors. Accordingly, the plaintiff has not stated a Section 1983 claim against them. *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as . . . hospitals, . . . are generally not proper § 1983 defendants because they do not act under color of state law."); *Anthony v. Med. Staff at Inst.*, 409 F. Supp. 3d 102, 105 (E.D.N.Y. 2016) ("A private hospital is generally not considered a state . . . actor.") (collecting cases); *Estate of Keenan v. Hoffman-Rosenfeld*, No. 16-CV-149, 2019 WL 3410006, at *20 (E.D.N.Y. July 29, 2019) ("[H]aving failed to establish . . . that any of the Northwell Defendants' actions were fairly attributable to the . . . State, the Plaintiffs are unable to meet the requisite showing that the Northwell Defendants acted under color of state law."), *aff'd*, No. 19-CV-2730, 2020 WL 6494881 (2d Cir. Nov. 5, 2020); *Andersen v. N. Shore Long Island Jewish Healthcare Sys.'s Zucker Hillside Hosp.*, No. 12-CV-1049, 2013 WL 784391, at *12 (E.D.N.Y. Jan. 23, 2013) (recognizing that Zucker Hillside Hospital is a private actor), *report and recommendation adopted as modified,* No. 12-CV-1049, 2013 WL 784344 (E.D.N.Y. Mar. 1, 2013).

The plaintiff's claim that Vizza conspired with Judge Peter O'Donoghue also fails. "To survive a motion to dismiss a § 1983 conspiracy claim, the plaintiff must allege (1) an agreement

between two or more state actors or an agreement between a state actor and private party; (2) concerted acts to inflict an unconstitutional injury; and (3) an overt act done in furtherance of the goal of causing damages." *Coggins v. Cty. of Nassau*, 988 F. Supp. 2d 231, 246 (E.D.N.Y. 2013) (citations omitted), *aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015). The plaintiff alleges without any factual support that Vizza "[c]onspired with Judge Peter O'Donoghue, a state actor, to induce Plaintiff to sign the release, both knowing that the Defendants had no intention to deliver the settlement agreement and to delete the false statements." (Am. Compl. ¶¶ 47, 58, 89.) This bare assertion is insufficient to state a conspiracy claim. *Pulizotto v. McMahon*, 406 F. Supp. 3d 277, 293 (S.D.N.Y. 2019) (to survive a motion to dismiss, a "plaintiff must still allege facts beyond 'conclusory, vague, or general allegations' to assert the existence of an agreement to inflict constitutional injury" (quoting *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324-325 (2d Cir. 2002))). Accordingly, the plaintiff's Section 1983 conspiracy claim is dismissed.

**II.     Title II Claims**

The plaintiff claims that the defendants violated Title II of the Civil Rights Act of 1964, §§ 201(a)-(d), 202, 203, 204 (a)-(d), 42 U.S.C. §§ 2000a(a)-(d), 2000a-1, 2000a-2, 2000a-3(a)-(d).[5] (Am. Compl. ¶¶ 74-81.) "A plaintiff bringing a claim under Title II must allege facts showing (1) that he was deprived of equal use and enjoyment of a place of public accommodation and (2) discriminatory intent." *Renxiong Huang v. Minghui.org*, No. 17-CV-

---

[5] To the extent the plaintiff intended to assert a claim under Title III of the Civil Rights Act, 42 U.S.C. § 2000b *et seq.*, courts have held that Title III does not provide a private right of action. *See Guichardo v. Langston Hughes Queens Lib.*, No. 15-CV-2866, 2015 WL 13227995, at *5 (E.D.N.Y. Nov. 20, 2015).

5582, 2018 WL 3579103, at *3 (S.D.N.Y. July 25, 2018) (citing *Coward v. Town & Vill. of Harrison*, 665 F. Supp. 2d 281, 307 (S.D.N.Y. 2009)).

In his amended complaint, the plaintiff states that the defendants discriminated against him and refused to remove purportedly false statements from his medical records because he is a "colored immigrant." (Am. Compl. ¶¶ 75-77.) However, he does not allege any facts to support that assertion, such as facts that show that he was treated differently than others who were similarly situated. *See Bentley, Jr. v. Mobil Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015) ("A plaintiff's naked allegation that the defendant acted based on the plaintiff's race and color is too conclusory to survive a motion to dismiss."); *see also Watkins v. Doe*, No. 19-CV-1561, 2020 WL 1846777, at *5 (N.D.N.Y. Apr. 13, 2020) ("[The] plaintiff alleges in conclusory fashion that defendants . . . violated his equal protection rights. . . . The amended complaint, however, lacks any allegations in support of this claim. Indeed, the amended complaint does not contain any allegations of purposeful discrimination directed at an identifiable or suspect class, and fails to identify any individuals treated differently than plaintiff under a similar situation."). Accordingly, the plaintiff's Title II claim is dismissed.[6]

## III. State Law Claims

Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and the defendant are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

---

[6] The plaintiff's conclusory allegation that "Defendant Zucker and Northwell Health is a public accommodation" does not establish that the defendants, a private hospital and its parent company, are in fact public accommodations. *See Goonewardena v. N. Shore Long Island Jewish Health Sys.*, No. 11-CV-2456, 2012 WL 7802351, at *10 (E.D.N.Y. Nov. 5, 2012) (holding that "a private hospital is not a place of public accommodation under Title II of the Civil Rights Act of 1964"), *report and recommendation adopted*, 2013 WL 1211496 (E.D.N.Y. Mar. 25, 2013), *aff'd*, 597 F. App'x 19 (2d Cir. 2015).

7

28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all of the plaintiffs and all of the defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Bayerische Landesbank*, 692 F.3d at 48.

The plaintiff has not alleged facts sufficient to invoke the Court's diversity jurisdiction. It appears that complete diversity of citizenship is lacking since the plaintiff and at least defendant Northwell Health are citizens of New York.[7] (Am. Compl. ¶¶ 10, 12.) Accordingly, the Court does not have jurisdiction over the plaintiff's state law claims.

I decline to exercise supplemental jurisdiction over the state law claims. "Where a court dismisses all claims over which it has original jurisdiction, it may, in its discretion, decline to exercise supplemental jurisdiction over remaining claims." *Wolfinger v. Consol. Edison Co. of New York, Inc.*, No. 17-CV-1710, 2018 WL 3637964, at *12 (E.D.N.Y. July 31, 2018) (citing 28 U.S.C. § 1367(c)(3)); *see also Klein & Co. Futures. Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006) ("[W]here, as here, the federal claims are eliminated in the early stages of litigation,

---

[7] The plaintiff alleges that Zucker Hillside Hospital "operates" in New York, and that several other defendants were employees of entities located in New York. (Am. Compl. ¶¶ 11, 13-30.)

8

courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

## CONCLUSION

For the reasons stated above, the plaintiff's amended complaint is dismissed without prejudice. In light of the plaintiff's *pro se* status, the Court grants the plaintiff leave to file a second amended complaint within 30 days. If the plaintiff decides to file a second amended complaint, it should be captioned "Second Amended Complaint" and bear the same docket number as this order, 21-CV-4530 (AMD) (LB). The plaintiff is advised that a seconded amended complaint completely replaces his previous complaints, so he must include in the second amended complaint all the necessary information to support his claims, including facts to support his claims.

If the plaintiff does not file a second amended complaint within 30 days, judgment dismissing this action will enter. Though the plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                               s/Ann M. Donnelly
                                               ANN M. DONNELLY
                                               United States District Judge

Dated: Brooklyn, New York
       August 27, 2021